United Butchers Abattoir, Inc. v. Commissioner.
United Butchers Abattoir, Inc. v. Commissioner
Docket No. 6746.
United States Tax Court
1946 Tax Ct. Memo LEXIS 285; 5 T.C.M. (CCH) 40; T.C.M. (RIA) 46014; January 21, 1946
*285 P. L. Meadows, C.P.A., and George B. Tidwell, Esq., 418-19 Red Rock Bldg., Atlanta 3, Ga., for the petitioner. Bernard D. Hathcock, Esq., for the respondent. OPPER
Memorandum Opinion OPPER, Judge: Deficiencies in tax for the taxable years ended May 31, 1942, and May 31, 1943, are in issue as follows: Declared Value
Income
Excess
Excess
Tax
Profits Tax
Profits Tax
1942
$3,220.16
$77.17
$1,761.01
1943
1,645.01
All of the facts were stipulated. They are hereby found accordingly. On the basis thereof certain of the issues are conceded, leaving in dispute only the question whether payments made by petitioner to its stockholders were properly deductible from its gross income. [The Facts] The returns for the years in question were filed with the collector for the district of Georgia, at Atlanta, Georgia. Petitioner is engaged in the slaughtering business. A large part of its income is derived from slaughtering live stock for its stockholders and the general public. The by-laws provided: The stock dividends or cash dividends to be declared by the directors are to be declared and paid, whether in cash or in stock, *286 in proportion to the volume of business done by such stockholder with the corporation; and this volume of business is to be determined in dollars and cents rather than in the number of cattle or other products killed. The following resolution was adopted by petitioner's Board of Directors under date of May 7, 1942: RESOLVED, that the net income of this corporation, after the payment of the 7% dividend on the outstanding stock authorized this day by the Board of Directors, the then remaining net income be refunded and rebated to the stockholder members of the corporation as of May 31, 1942, in accordance with the provisions of the By-Laws now in force and effect, covering the distribution of patronage dividends and rebates. * * * * *
A similar resolution with respect to the subsequent year was adopted under date of May 19, 1943. [Opinion] As in , affirmed (C.C.A., 5th Cir.), , petitioner's stockholders * * * were dealt with by petitioner as it dealt with its other patrons. Their rights to the amount here in dispute resulted from subsequent action of the stockholders directing a distribution by *287 petitioner to its stockholders out of its earnings during the year. Such a distribution constitutes the payment of a dividend and is not deductible in determining the petitioner's net income. The fact that the profits were distributed to stockholders on some basis other than the stock held by each stockholder does not make the distribution any the less a dividend. * * * Uniform Printing & Supply Co. (C.C.A., 7th Cir.), , reversing , is readily distinguishable. There, as the Tax Court pointed out in , affirmed (C.C.A., 3rd Cir.), . * * * the annual "refunds," under the corporate bylaws, were limited to funds paid by funds" were distributable. They were, in fact, refunds. The right to those refunds, as the court points out, was "in no way dependent upon stock ownership * * *." It fastens upon that fact as "the determinative factor." Here a distribution by the petitioner was not limited to funds received from those sharing in the distribution * * * In the case at bar neither patronage refunds to stockholders nor to other patrons were *288 required. We accordingly think the deficiency was correctly determined for the reasons stated in both the Peoples Gin and Clay Sewer Pipe cases. Decision will be entered for the respondent.